Fulton County Superior Court
***EFILED***BR
Date: 4/11/2017 12:57:28 PM
Cathelene Robinson, Clerk



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Melanie Wallace, Sascha Feliciano and Heather Tyler, on behalf of themselves and all others Similarly Situated **Plaintiff,**

) Case
) No.: 2017CV288599
)
)
)
)

vs.

Fred's Stores of Tennessee, Inc. (d/b/a Fred's, Fred's Super Dollar, Fred's Pharmacy); and DOES 1 through 100, inclusive **Defendant**

)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Shawn P. O'Hara
P.O. Box 5509
Columbus, GA 31906

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___4/11/2017___ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _Brenda Ray_
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

**EXHIBIT**
**1**

Fulton County Superior Court
***EFILED***BR
Date: 4/11/2017 12:57:28 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MELANIE WALLACE, SASCHA FELICIANO and HEATHER TYLER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FRED'S STORES OF TENNESSEE, INC. (d/b/a Fred's, Fred's Super Dollar, Fred's Pharmacy); and DOES 1 through 100, inclusive,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. <u>2017CV288599</u> |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Melanie Wallace, Sascha Feliciano and Heather Tyler, individually and on behalf of all others similarly situated, file this Class Action Complaint And Demand For Jury Trial pursuant to O.C.G.A. § 9-11-23. Plaintiffs allege upon knowledge concerning each of their own respective acts and upon information and/or belief as to all other matters the following:

1

## PRELIMINARY STATEMENT

1.      Plaintiffs on behalf of themselves and all others similarly situated bring this action against Fred's Stores Of Tennessee, Inc. and Does 1 through 100 (all named and Doe defendants collectively referred to as "Defendants") based on Defendants' violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*

2.      FACTA provides in relevant part that "**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number** . . . **upon any receipt provided to the cardholder** at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1) (emphasis added).

3.      The law gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  Although Defendants had up to three years to comply, Defendants willfully violated this law and failed to protect Plaintiffs and others similarly situated against identity theft and credit and debit card fraud by printing more than the last 5 digits of the card number on receipts provided to debit card cardholders transacting business with Defendants.  More specifically, Defendants printed the first 6 digits and the last 4 digits of the debit card number on debit card receipts.  This conduct is in direct violation of FACTA.

2

4.     Nor is Defendants' willful violation of FACTA a trifling matter.   In the statement provided during his signing of FACTA in 2003, the President underscored the importance of the legislation in combating rampant identity theft:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.   With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

5.     Courts have likewise emphasized the purpose of FACTA. For example, the Ninth Circuit recently emphasized that "[i]n fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.'" *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010) (quoting 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)).

6.     Similarly, the Seventh Circuit recently explained that "[i]dentity theft is a serious problem, and FACTA is a serious congressional effort to combat it." *Redman v. Radioshack Corp.*, 768 F.3d 622, 639 (7th Cir. 2014).

7.     In sum, Defendants have violated FACTA, and have thereby placed the security of Plaintiffs and similarly situated Class members at risk.  As a result of Defendant's unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud, Plaintiffs seek, on behalf of themselves and the Class, statutory damages, punitive damages, costs and

attorney fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*

## PARTIES

8.      Plaintiff, Melanie Wallace, is and at all times relevant hereto was a resident of the State of Georgia.

9.      Plaintiff, Sascha Feliciano, is and at all times relevant hereto was a resident of the State of Georgia.

10.     Plaintiff, Heather Tyler, is and at all times relevant hereto was a resident of the State of Alabama.

11.     Defendant Fred's Stores Of Tennessee, Inc. is a Tennessee corporation and surviving entity following its merger with Fred's Stores Of Georgia, Inc., a Georgia corporation.  Fred's Stores Of Tennessee, Inc. owns, manages, maintains, and/or operates many physical brick-and-mortar retail store locations throughout the State of Georgia, through which it offers various goods and services for sale to the public, and it does extensive business throughout the State of Georgia.  Fred's Stores Of Tennessee, Inc. does business using its own name as well as under other fictitious business names such as, but not limited to, "Fred's," "Fred's Super Dollar," and "Fred's Pharmacy."

4

12.    At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

13.    Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and/or believe that each of the Doe defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein.  Plaintiffs will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over Fred's Stores Of Tennessee, Inc. because it owns, manages, maintains, and/or operates many physical brick-and-mortar retail store locations throughout the State of Georgia, through which it offers various goods and services for sale to the public, and it does extensive business throughout the State of Georgia.  Further, Plaintiffs Melanie Wallace, and Sascha Feliciano were provided with one or more receipts in violation of FACTA

from at least one brick-and-mortar retail store located in the State of Georgia, and this is a Class action case in which a substantial part of the acts and omissions giving rise to the claims occurred within the State of Georgia.

15.     This Court is a proper venue for this action pursuant to O.C.G.A. § 14-2-510(b)(1) because this is a civil action and Fred's Stores Of Tennessee, Inc.'s registered address with the Georgia Secretary Of State is 1201 Peachtree St NE, Fulton, Atlanta, GA, 30361, which is located in Fulton County.

## CLASS ACTION ALLEGATIONS

16.     Plaintiffs bring this Class action on behalf of themselves and all other persons similarly situated pursuant to O.C.G.A. § 9-11-23.

17.     The Class which Plaintiffs seek to represent is defined as:

> All consumers to whom Defendants, within two years from the date of filing this action, provided an electronically printed receipt at the point of a sale or transaction at any of Defendants' physical store locations in the United States, on which receipt Defendants printed more than the last 5 digits of the consumer's debit card (the "Class").[1]

18.     Excluded from the Class are Defendants and each of their directors, officers, and employees.  Also excluded from the Class are any justice, judge, or magistrate judge assigned to this action or who presides over any proceeding

---

[1] Plaintiff reserves the right to amend or otherwise modify the Class definition and/or add sub-classes.

concerning this action, and any such justice's, judge's, or magistrate judge's spouse, or a person within the third degree of relationship to any of them, or the spouse of such a person.

19.     <u>Numerosity</u>: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of their claims through this Class action will benefit both the parties and this Court.

20.     Plaintiffs believe and thereon allege that there are, at a minimum, thousands (*i.e.*, two thousand or more) of members that comprise the Class.

21.     The exact size of the Class is ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

22.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in Class actions, such as by published notice, e-mail notice, website notice, and/or first-Class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and or appropriate by the Court.

23.     <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the entire Class.  The claims of Plaintiffs and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

24.     Plaintiffs and members of the Class were each customers of Defendants, each having made a purchase or transacted other business with

7

Defendants within two years from the date of filing this action, using a debit card. At the point of such sale or transaction with Plaintiffs and members of the Class, Defendants provided to Plaintiffs and each member of the Class a receipt in violation of 15 U.S.C. §1681c(g) (*i.e.*, a receipt on which is printed more than the last 5 digits of the debit card).

25.     <u>Common Questions of Fact and Law</u>: There are a well-defined community of interest and common questions of fact and law affecting the members of the Class.

26.     The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

(a)     Whether Defendants' conduct of providing Plaintiffs and the Class with sales or transaction receipts whereon Defendants printed more than the last 5 digits of the card violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(b)     Whether Defendants' conduct was willful; and

(c)     Whether Plaintiffs and the Class are entitled to statutory damages, punitive damages, costs, and or attorney fees for Defendants' acts and conduct.

27.     <u>Adequacy of Representation</u>: Each of the Plaintiffs is an adequate representative of the Class because each of their interests do not conflict with the interests of the Class which Plaintiffs seek to represent. Plaintiffs will fairly,

adequately, and vigorously represent and protect the interests of the Class and neither has any interests antagonistic to the Class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action litigation.

28.   <u>Consistency Of Adjudications</u>:   A class action would promote the consistency of adjudicating the rights of Class members.   In contrast, the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

29.   <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.   While the aggregate damages which may be and if awarded to the Class are likely to be substantial, the actual damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.   Plaintiffs do not know of any other litigation already commenced by or against any member of the Class concerning Defendants' printing of more than the last 5 digits of a debit card number on customer receipts.   The likelihood of individual Class members prosecuting separate claims is remote.   Individualized litigation would also

increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## COUNT ONE

### For Violation of 15 U.S.C. §§ 1681 *et seq.*

### (On Behalf of Plaintiffs and the Class as against Defendants)

30. Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

31. Plaintiffs assert this claim on behalf of themselves and the Class against Defendants.

32. Title 15 U.S.C. § 1681c(g)(1) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

10

33.    By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006. 15 U.S.C. § 1681c(g)(3).

34.    Defendants transact business in the United States and accept credit cards and debit cards in the course of transacting business with persons such as Plaintiffs and members of the Class.  In transacting such business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card and debit card transactions.

35.    After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with Plaintiff Melanie Wallace, provided Plaintiff Melanie Wallace with one or more electronically printed receipts on each of which Defendants printed more than the last 5 digits of her debit card number.  More specifically, Defendants printed the first 6 digits and the last 4 digits of Plaintiff Melanie Wallace's debit card number on her customer receipt(s).

36.    After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with Plaintiff Sascha Feliciano, provided Plaintiff Sascha Feliciano with one or more electronically printed receipts on each of which Defendants printed more than the last 5 digits of his debit card number.  More specifically, Defendants printed the first 6 digits and

11

the last 4 digits of Plaintiff Sascha Feliciano's debit card number on his customer receipt(s).

37.    After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with Plaintiff Heather Tyler, provided Plaintiff Heather Tyler with one or more electronically printed receipts on each of which Defendants printed more than the last 5 digits of her debit card number.  More specifically, Defendants printed the first 6 digits and the last 4 digits of Plaintiff Heather Tyler's debit card number on her customer receipt(s).

38.    After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with members of the Class, provided each member of the Class with one or more electronically printed receipts on each of which Defendants printed, for each respective Class member, more than the last 5 digits of their debit card number.

39.    As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and or debit cards up to December 4, 2006 to comply with its requirements.

40.    Defendants knew of and were well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates.

12

41.     For example, but without limitation, several years ago, VISA,
MasterCard, the PCI Security Standards Council (a consortium founded by VISA,
MasterCard, Discover, American Express and JCB), companies that sell cash
register and other devices for the processing of credit or debit card payments,
companies that sell software to operate payment card devices, companies that
maintain and repair hardware or software used to process payment card
transactions, and other entities informed Defendants about FACTA, including its
specific requirements concerning the truncation of credit and debit card numbers
and prohibition on the printing of expiration dates, and Defendants' need to comply
with same.

42.     Other entities, including but not limited to Defendants' payment card
processor (also known as the acquirer, merchant bank, or acquiring bank) which
processes credit and debit card payments for transactions occurring at Defendants'
stores, likewise informed Defendants about FACTA, including its specific
requirements concerning the truncation of credit and debit card numbers and
prohibition on the printing of expiration dates, and Defendants' need to comply
with same.

43.     In addition, many companies such as VISA and MasterCard devised
and implemented policies well before the operative date of FACTA's requirements,
wherein such policies VISA, MasterCard and others required Defendants (and

informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts.

44.    In addition, these companies also publically announced some of these requirements.   For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publically announced Visa USA's new truncation policy to protect consumers from identity theft.  At the March 2003 press conference, Mr. Pascarella explained, as follows:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.**  This is an added security measure for consumers that doesn't require any action by the cardholder.  We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.
>
> **The first phase of this new policy goes into effect July 1, 2003 for all new terminals.**  I would like to add, however, that even before this policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago**.
>
> Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social Security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access. (Emphasis added).

45.   Moreover, the Government, through the Federal Trade Commission ("FTC"), provided notice of FACTA's requirements to businesses on no less than three separate occasions in 2007, reminding them of the requirement to truncate credit and debit card information on receipts.   Defendants were informed of and knew about these notices from the FTC.   In one such notice, entitled "FTC Business Alert" "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," and dated May 2007, the FTC reminded businesses, among other things, of the following:

> What's on the credit and debit card receipts you give your customers? The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check their receipts and make sure they're complying with a law that's been in effect for all businesses since December 1, 2006.
>
> According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information. **You may include no more than the last five digits of the card number,** and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:
>
> ACCT:**********12345
> EXP:****
>
> Why is it important for businesses to make sure they're complying with this law?   Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves. Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime.   (Emphasis added).

46.    Defendants' violations of FACTA were not accidental oversights.  The electronic printing of more than the last 5 digits of a debit card number on a customer receipt does not occur by accident.  Electronic receipt printing equipment must be intentionally programmed or otherwise intentionally configured to print more than the last 5 digits of a debit card number on a customer receipt.

47.    Thus, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants knowingly willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing more than the last 5 digits of the card number upon the receipts provided to the debit card cardholders with whom they transact business.

48.    Many of Defendants' business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders.  Defendants could have readily done the same.

16

49.   Instead, Defendants knowingly, willfully, intentionally, and recklessly disregarded FACTA's requirements and used cash registers and or other machines or devices that printed receipts in violation of FACTA.

50.   Defendant knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiffs and the Class.

51.   Defendants have also harmed Plaintiffs and the Class by exposing them to at least an increased risk of identity theft and debit card fraud.

52.   As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiffs and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation.  15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

53.   WHEREFORE, Plaintiffs pray for judgment and relief against Defendants as follows:

A.   An order certifying the Class and appointing Plaintiffs as the representatives of the Class, and appointing counsel of record for Plaintiffs as counsel for the Class;

17

B.     An award to Plaintiffs and the Class of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

C.     An award to Plaintiffs and the Class of punitive damages pursuant to 15 U.S.C. § 1681n (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

D.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

E.     Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

F.     For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Date: April 10, 2017

Charles Austin Gower Jr.
Georgia Bar No. 303528
Shaun Patrick O'Hara
Georgia Bar No. 749503

18

CHARLES A. GOWER PC
1425 Wynnton Road
P.O. Box 5509
Columbus, GA 31906
Telephone: 706.324.5685
Facsimile: 706.322.2964
austin@cagower.com
shaun@cagower.com

Chant Yedalian (to apply *pro hac vice*)
California Bar No. 222325
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Telephone: 877.574.7100
Facsimile: 877.574.9411
chant@chant.mobi

**COUNSEL FOR PLAINTIFFS**

19

Fulton County Superior Court
***EFILED***LW
Date: 4/13/2017 9:10:15 AM
Cathelene Robinson, Clerk

Civil Action No. 2017 CV 288599

Date Filed 4-11-2017

Superior Court

State Court ☐

Georgia, MUSCOGEE COUNTY    Fulton

Melanie Wallace, Sascha Feliciano
and Heather Tyler, on behalf of
themselves and all others similarly
situated                          Plaintiff

Attorney's Address

Shaun P. O'Hara
Charles A. Gower, P.C.
P.O. Box 5509
Columbus, GA 31906

VS.

Fred's Stores of Tennessee, Inc.
(d/b/a Fred's, Fred's Super Dollar,
Fred's Pharmacy); and DOES 1 through
100, inclusive                    Defendant

Name and Address of Party to be Served

Fred's Stores of Tennessee, Inc.
by and through its Registered Agent
CT Corporation System
1201 Peachtree Street, NE
Fulton, Atlanta, GA 30361

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐   I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐   I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒   Served the defendant Fred's Stores of Tennessee Inc _____ a corporation
by leaving a copy of the within action and summons with Registered Agent - Amelia Garnor
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐   I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐   Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 12th day of April, 20 17.    09:31

_____
DEPUTY
Larry E. Tippins 506729
MUSCOGEE COUNTY, GEORGIA

SHERIFF DOCKET _____    PAGE _____

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

SC-2 Rev.85

Fulton County Superior Court
***EFILED***BR
Date: 4/11/2017 12:57:28 PM
Cathelene Robinson, Clerk

## General Civil Case Filing Information Form (Non-Domestic)

**Court**       **County** Fulton      **Date Filed** 04/11/2017
☑ **Superior**                                  MM-DD-YYYY
☐ **State**          **Docket #** 2017CV288599

**Plaintiff(s)**

Wallace, Melanie
Last     First        Middle I.   Suffix Prefix   Maiden

Feliciano, Sascha
Last     First        Middle I.   Suffix Prefix   Maiden

Tyler, Heather
Last     First        Middle I.   Suffix Prefix   Maiden

Last     First        Middle I.   Suffix Prefix   Maiden

**No. of Plaintiffs** 3

**Defendant(s)**

Fred's Stores of Tennessee, Inc.
Last     First        Middle I.   Suffix Prefix   Maiden

DOES 1 through 100
Last     First        Middle I.   Suffix Prefix   Maiden

Last     First        Middle I.   Suffix Prefix   Maiden

Last     First        Middle I.   Suffix Prefix   Maiden

**No. of Defendants**_____

**Plaintiff/Petitioner's Attorney**      ☐ **Pro Se**

O'Hara, Shaun P
Last      First          Middle I.      Suffix

**Bar #** 749503

---

### Check Primary Type (Check only **ONE**)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Presonal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☑ Tort (If tort, fill in right column)
☐ Other General Civil Specify_____

---

### If Tort is Case Type:
### (Check no more than **TWO**)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☑ Other Professional Negligence
☐ Product Liability
☐ Other Specify_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

---

☐ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1